**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| STEPHAN B. EPSTEIN; MARILYN EPSTEIN, | § § | |
| Plaintiffs, | § | |
| V. | § | |
| | § | A-15-CV-00357-LY-ML |
| NATIONSTAR MORTGAGE, LLC, | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**

Before the Magistrate Court are Plaintiffs' Motion to Remand, filed February 18, 2016 [Dkt. #51], and Memorandum of Law in support thereof, filed February 18, 2016 [Dkt. #52], and Defendant Nationstar Mortgage LLC ("Nationstar")'s Response In Opposition to Plaintiffs' Motion for Remand, filed February 25, 2016 [Dkt. #54]. Also before the Magistrate Court are Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint, filed January 25, 2016 [Dkt. #48], Plaintiffs' Motion for Extension of Time to Respond to Defendant's Motion to Dismiss Plaintiff's Second Amended Pleading, filed February 18, 2016 [Dkt. #49], and Defendant's Response in Opposition to Plaintiffs' Motion for Extension of Time to Respond to Nationstar's Motion to Dismiss Plaintiffs' Second Amended Pleading [Dkt. #53].[1]

**I.   BACKGROUND**

Plaintiffs, Marylin and Stephen Epstein, filed suit in Travis County District Court on April 9, 2015 seeking an injunction to prevent Defendant, Nationstar Mortgage LLC ("Nationstar") from trespassing on two properties allegedly owned by the Plaintiffs and seeking

---

[1] All nondispositive motions in the above-styled cause have been referred to the undersigned by United States District Judge, Lee Yeakel, for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Likewise, all dispositive motions have been referred to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

1

damages for past alleged trespasses on these properties and alleged violations of RESPA with respect to these properties. Notice of Removal [Dkt. #1] Ex. 1, Orig. Pet. The properties at issue in the state court original petition are 31 St. Stephens School Road, Austin, Texas 78746 (also known as Lot 2, Rob Roy Phase III); and 1902 Cuernevaca, Austin, Texas 78733 (also known as Lot 9, Block 36, Austin Lake Estates). *Id.* at 2.

Defendant Nationstar timely removed the case to the United States District Court for the Western District of Texas, invoking federal question jurisdiction on the basis of Plaintiffs' RESPA claims. Notice of Removal [Dkt. #1] at 2. Nationstar plead only federal subject matter jurisdiction; the removal notice does not assert, nor does the record, on its face, provide any basis for diversity jurisdiction. *Id.*; *see also* 28 U.S.C. § 1332. In fact, Plaintiffs' First Amended Complaint [Dkt. #31] and Second Amended Complaint [Dkt. #47] specifically allege Nationstar's principle place of business is in Dallas, Texas, and Plaintiffs are domiciled in Austin, Texas, thus defeating diversity jurisdiction. 1st Am. Comp. [Dkt. #31] at 1; 2d Am. Comp.. [Dkt. #47] at 1.

Shortly after removing the case based on federal question jurisdiction, Nationstar filed a counterclaim against Plaintiffs for judicial foreclosure of their homestead property, 7519 Stonecliff Drive (a property not mentioned in the initial complaint) and the property at 31 St. Stephens School Road, Austin, Texas 78746. Counterclaim for Judicial Foreclosure and Writ of Possession [Dkt. #6]. Defendant's counterclaim is based on Texas state law, and asserts no federal cause of action. *See generally id.*

Along with its counterclaim, Nationstar filed a motion to dismiss Plaintiffs' claims. First Mot. Dism. [Dkt. #7], filed May 22, 2015. Plaintiffs sought and received two extensions of time to respond to the first Motion to Dismiss, and ultimately filed their First Amended Complaint. In

2

light of the First Amended Complaint, filed as of right before any scheduling order was entered in this case, the District Court dismissed the First Motion to Dismiss [Dkt. #7] without prejudice, and without ruling on its merits. Order of October 26, 2015 [Dkt. #30].

On November 9, 2015, Nationstar filed a Second Motion to Dismiss [Dkt. #36] addressing the First Amended Complaint. The parties also entered an agreed scheduling order, allowing either party to amend its pleadings until March 15, 2016. Sched. Order [Dkt. #43] at 1. Plaintiffs again filed a motion to amend the complaint at the expiration of their time to respond to the pending Motion to Dismiss. Mot. Leave to File 2d Am. Compl. [Dkt. #44]. Plaintiffs' Motion for Leave to File Second Amended Complaint [Dkt. #44] was granted as of right, as it was filed well before the parties' agreed deadline for amendments to the pleadings. Order of January 11, 2016 [Dkt. #46]. In light of the Second Amended Complaint, Defendants' Second Motion to Dismiss was dismissed without prejudice, and without any ruling on its merits. *Id.*

Nationstar has now filed a third Motion to Dismiss [Dkt. #48] addressing Plaintiffs' Second Amended Complaint. Plaintiffs have filed a Motion to Remand [Dkt. #51], pointing out that the Second Amended Complaint deletes all of their federal RESPA claims, leaving only state law claims against Defendants. Nationstar asks the Court to deny remand and exercise supplemental jurisdiction over the remaining state law claims. *See generally* Resp. to Mot. Remand. [Dkt. #54].

## II.   STANDARD OF REVIEW

If a federal court's subject matter jurisdiction is properly triggered at the time of removal, then the federal court has "supplemental" subject matter jurisdiction over related state-law claims, "which it may (or may not) choose to exercise." *Carlsbad Tech, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); *see also Hook v. Morrison Milling Co.*, 38 F.3d 776, 780 (5th Cir.

Tex. 1994) (distinguishing "'the remand authority conferred by the removal statute and the remand authority conferred by the doctrine of pendent jurisdiction.'" (internal citation omitted)). "'The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial.'" *Billups v. Retail Merchs. Ass'n*, 620 F. App'x 211, 214-15 (5th Cir. 2015) (quoting *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009)). Nevertheless, the decision whether to exercise supplemental jurisdiction over remaining state law claims lies within the discretion of the district court. *Carlsbad Tech*, 556 U.S. at 639-40.

In exercising that discretion, the court must consider "the statutory factors set forth in [28 U.S.C. §] 1367(c) as well as the common law factors of judicial economy, convenience, fairness, and comity." *Brookshire Bros.*, 554 F. 3d at 601. The statutory factors that impact a court's discretion to exercise supplemental jurisdiction include whether: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; and (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). "No single factor is dispositive," and the court's exercise of discretion must be informed by "the specific circumstances of the case at bar." *Brookshire Bros.*, 554 F.3d at 602.

A court may abuse its discretion by declining to exercise supplemental jurisdiction and remanding state law claims "after investing a significant amount of judicial resources in the litigation." *Brookshire Bros.*, 554 F. 3d at 602-03 (collecting cases). Additionally, a court must exercise its discretion to "guard against forum manipulation" through artful pleading amendments after removal. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). When a

4

case is in the early stages of litigation, however, particularly when the balance of the statutory and common law factors favors remand, guarding against forum manipulation "is not so serious of a concern that it can become a trump card which overrides all of the other factors [the court is] instructed to consider and balance." *Enochs v. Lampasas County*, 641 F.3d 155, 161 (5th Cir. 2011). It is an abuse of discretion for the court to retain supplemental jurisdiction over a case based solely on allegations of forum manipulation, without considering all of the factors that inform the exercise of supplemental jurisdiction "at every stage of the litigation." *Id.* (citing *Carnegie-Mellon*, 484 U.S. at 350). "'[T]he issue whether pendent jurisdiction has been properly assumed is one which remains open throughout the litigation,'" and it must be examined in light of the circumstances of the case at the time the issue of remand is raised. *Enochs*, 641 F.3d at 161 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 727 (1966)). In most cases, the dismissal or abandonment of federal claims will cause the statutory and common law factors to weigh in favor of remanding the state law claims. *See, e.g., Alphonse v. Arch Bay Holdings, L.L.C.*, 618 Fed. Appx. 765, 769-770 (5th Cir. 2015); *Billups v. Retail Merchs. Ass'n*, 620 Fed. App'x. 211, 214-215 (5th Cir. La. 2015); *Enochs*, 641 F.3d at 161-62.

### III. ANALYSIS

Remand pursuant to 28 U.S.C. § 1367(c) is appropriate in this case. Plaintiffs have abandoned their federal claims. *See Alphonse,* 618 F. App'x at 769; *Enochs*, 641 F.3d at 161-62 (abandonment of claims is one factor to be considered but is not controlling in examining discretionary remand). Thus, three of the four statutory factors weigh in favor of remand: all federal claims have been (voluntarily) dismissed; the state law claims predominate over the nonexistent federal claims; and the "heavy balance of the common law factors in favor of

remand constitutes another compelling reason to decline jurisdiction." *Enochs*, 641 F.3d at 159 (applying statutory and common law factors to remand issue).

Those common law factors include comity, convenience, fairness, and conservation of judicial resources. *Id.* In this case, as in almost all cases involving only pendent state law claims, considerations of comity weigh against "[n]eedless decisions of state law" by federal courts. *Id.* (citing *Gibbs*, 383 U.S. at 726). Nationstar itself argues convenience is not an issue that should weigh heavily in the remand analysis in this case, as the federal and state courts are within a mile of each other. Resp. to Mot. Remand [Dkt. #54] at 6. Nationstar asserts fairness weighs in favor of retaining jurisdiction in the District Court in this case, because the Plaintiffs have filed multiple motions to extend their time to respond to Defendant's multiple motions to dismiss. The Magistrate Court declines to find that merely seeking extensions of time to respond creates a fairness interest in federal court jurisdiction.

Finally, while conservation of judicial resources may be a factor counseling against remand when a case has already generated significant discovery, rulings on the merits, and other pretrial development, *see Brookshire Bros.*, 554 F.3d at 598, this is not such a case. The court has yet to consider the merits of the Epsteins' claims or Nationstar's counterclaim, and no discovery has taken place in this case. To the extent Defendant attempts to link this case to prior foreclosure attempts on the Stonecliff Drive property, the Magistrate Court notes the Stonecliff Drive property was not at issue in the case until Defendant brought a counterclaim concerning it. Compare Orig. Pet. (contained in Notice of Removal [Dkt. #1] and Counterclaim [Dkt. #6]. Plaintiffs' pleadings, as amended, do seek to enjoin the foreclosure counterclaim and raise a statute of limitations argument concerning the Stonecliff Drive property, but the Second Amended Complaint also addresses alleged interference with a different property entirely. *See*

*generally* 2d Am. Compl. [Dkt. #47].  Thus, any prior suits concerning Stonecliff Drive do not give the District Court such a level of familiarity with the issues in this case as to justify retaining jurisdiction over state law claims on grounds of conservation of judicial resources.  *See Alphonse*, 618 F. App'x at 769-70 (limiting the significance of "investment of [judicial] resources" to cases involving an "exceptional" judicial workload or a specific threat of duplicative litigation of issues already decided on the merits).

In this case, as in *Enochs*, the only factor seriously weighing in favor of remand is the fact that Plaintiffs have abandoned their federal claims in order to frustrate Defendant's attempt at removal.  641 F.3d at 159.  But, as the *Enochs* court recognized, this factor alone simply does not outweigh all other considerations.  *Id.*  When the balance of the statutory and common law factors points towards remand, a federal court should decline to exercise supplemental jurisdiction over purely state law claims.  *Id.*

## IV. RECOMMENDATION

For the reasons outlined above, the Magistrate Court RECOMMENDS the District Court GRANT Plaintiffs' Motion to Remand [Dkt. #51].

The Magistrate Court further RECOMMENDS the District Court DISMISS all other pending motions, including Defendants' third Motion to Dismiss [Dkt. #48] and Plaintiffs' Motion for Extension of Time to respond thereto [Dkt. #49], without prejudice in light of the determination that remand is warranted in this case.

The Magistrate Court finally RECOMMENDS the District Court REMAND this cause to state court pursuant to 28 U.S.C. § 1367(c).

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

March 2, 2016.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE